# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      )

                               )

         v.                         )      Criminal No. 04-144

                               )

PERCY TRAVILLION,               )

                               )

         Defendant.             )

## MEMORANDUM OPINION

CONTI, Chief District Judge

         Pending before the court is the motion for reconsideration filed by defendant Percy Travillion ("Travillion"). Travillion asks this court to reconsider its February 19, 2013 order denying his motion for a sentence reduction pursuant to 18 U.S.C. 3582(c)(2) (ECF No. 524.) Upon reviewing Travillion's motion (ECF No. 526), the government's response in opposition (ECF No. 528), and Travillion's reply in support of his motion (ECF No. 529) the court will deny the motion for the reasons set forth below.

         "Motions for reconsideration may be filed in criminal cases." United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003); United States v. Bennett, 514 F. App'x 151, 153-54 (3d Cir. 2013). The purpose of a motion to reconsider is "to correct manifest errors of law or fact or to present newly discovered evidence." Bootay v. KBR, Inc., 437 F. App'x 140, 146-47 (3d Cir. 2011) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). There are three circumstances in which a court may grant a motion for reconsideration: (1) there has been an intervening change in the law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to

prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 667 (3d Cir. 1999) (cited by United States v. Trenk, No. 06-1004, 2009 WL 1298420, *2 (D.N.J. May 8, 2009)).

Although he does not explicitly state his basis for reconsideration, it is apparent that Travillion contends that this court committed a manifest error of fact when it denied his request for a sentence reduction in February 2013 by mistakenly concluding that he was responsible for 499 grams of crack cocaine at his 2008 sentencing, instead of only 168 grams. In support of his position, Travillion cites to transcripts from his 2007 and 2008 sentencing hearings, which he claims verify that the court found him to be responsible for only 168 grams of crack cocaine. Travillion asserts that this fact is critical because if he were held responsible for only 168 grams of crack cocaine, his base offense level would be reduced four levels, to 28, under the retroactive amendments to the Federal Sentencing Guidelines promulgated pursuant to the Fair Sentencing Act of 2010. Fair Sentencing Act of 2010, Pub. L. No. 111-220; U.S.S.G. § 1B1.10(c), Amend. 750, 759. At base offense level 28, Travillion's advisory guideline's range for imprisonment would be decreased from 188 to 235 months to 121 to 151 months. On January 22, 2008, this court sentenced Travillion to 188 months incarceration on each of the three counts of conviction, to be concurrently served.

The court carefully reviewed the record to determine whether there is any basis to find that this court committed a manifest error that would warrant a sentence reduction. For the reasons set forth below, the court concludes that no such basis exists.

The record establishes that at the time of his sentencing, this court found that Travillion was responsible for between 150 and 499 grams of crack cocaine. Tentative Findings (ECF No. 366) at 4; Defendant's Motion to Reconsider Court's Tentative Findings (ECF No.

381); Transcript of 1/22/08 Sentencing Hearing ("1/22 Trans.") (ECF No. 390) at 4 (court

reiterating prior finding regarding drug quantity.) There is no dispute that, despite defense

counsel's repeated requests, the court made no further finding regarding an exact drug quantity

to be assigned to Travillion for purposes of sentencing. 1/22 Trans. (ECF No. 390) at 23

(rejecting defendant's argument that the court must make a specific finding within the drug

quantity range) and 34 (defense counsel restating objections to the drug quantity being expressed

as a range.) It, however, is important to understand the context in which Travillion was

requesting a specific quantity finding, and in which the court was refusing to do so.

On January 20, 2006, a jury found Travillion guilty on each of three counts

submitted to it. The jury found Travillion guilty of: (1) a conspiracy to distribute 50 grams or

more of crack cocaine; (2) possession with the intent to distribute 50 grams or more of crack

cocaine on December 16, 2002; and (3) a conspiracy to distribute 500 grams or more of powder

cocaine. Verdict Slip (ECF No. 300.) In anticipation of sentencing, the court issued tentative

findings in which it indicated that, "[a]ccording to the [Presentence Investigation Report

prepared by the Probation Office], the instant offenses involved between 150 grams and 500

grams of cocaine base." Tentative Findings (ECF No. 366) at ¶ 2. Throughout the sentencing

proceedings, defense counsel urged this court to select a specific quantity between 150 and 500

grams of crack cocaine so that the quantity could be converted to a marijuana equivalency, and

then added to the marijuana equivalency of the drugs associated with the other counts of

conviction in order to arrive at the base offense level. 1/22 Trans. (ECF No. 390) at 23-24, 28.

Travillion's counsel argued that the marijuana equivalency method could result in a base offense

level as low as 30, instead of 32, but acknowledged that the method might result in a base

offense level as high as 34. (Id. at 21-22, 28-34.) At the time, the court rejected the invitation to

convert the drugs to marijuana equivalencies because it might have resulted in a higher base offense level and because the "very conservative" range of 150 to 500 grams for the crack cocaine, standing alone, was sufficient to arrive at a base offense level of 32. (Id. at 27, 28, 29, 58-59, 68.) It was unnecessary for the court to select a precise quantity between 150 and 499 grams because, at the time Travillion was sentenced, the United States Sentencing Guidelines Manual assigned the same base offense level (i.e., 32) to any offenses involving at least 150 grams, but less than 500 grams of crack cocaine. U.S.S.G. § 2D1.1(c)(3), 2007 Manual. After adding two points for Travillion's perjury at trial, the adjusted base offense level at sentencing was 34. Travillion did not attack his sentence, either on direct appeal or in his section 2255 motion, based on the court's failure to assign a specific quantity of drugs to him or to convert the drugs to their marijuana equivalencies. U.S. v. Travillion, 321 F. App'x 156, 157-59 (3d Cir. 2009); Travillion's Mem. in Support of § 2255 Motion (ECF No. 454); Court's Opinion denying § 2255 Motion (ECF No. 518 at 2-3.)[1]

Under the Fair Sentencing Act of 2010, and the corresponding retroactive amendments to the United States Sentencing Guidelines, the quantity of crack cocaine for which Travillion was held responsible at sentencing could now result in one of three base offense levels: level 28 for at least 150, but less than 196 grams; level 30 for at least 196, but less than 280 grams; and level 32 for at least 280, to 499 grams. U.S.S.G. § 2D1.1(c)(4), (5) and (6). With the enhancement for perjury, Travillion could be subject to three possible adjusted base offense levels, and three possible corresponding imprisonment ranges at a criminal history category of III: adjusted offense level of 30, 121-151 months imprisonment; adjusted offense

---

[1] Although the Court of Appeals for the Third Circuit recently granted Travillion's request for a certificate of appealability concerning his § 2255 motion, it did so on two issues unrelated to sentencing (ECF No. 530.)

level of 32, 151 to 188 months imprisonment; or adjusted offense level of 34, 188 to 235 months imprisonment. Travillion's imposed sentence of 188 months on each of the three counts of conviction, to be served concurrently, falls outside of the lowest of these three possible ranges. The exact quantity of drugs for which Travillion was responsible has now become relevant.

This court presided over a seven-day trial prior to Travillion's conviction. To reiterate, the jury found Travillion guilty of: (1) a conspiracy to distribute 50 grams or more of crack cocaine; (2) possession with the intent to distribute 50 grams or more of crack cocaine on December 16, 2002; and (3) a conspiracy to distribute 500 grams or more of powder cocaine. Verdict Slip (ECF No. 300.) During the sentencing proceedings, which took place over three days, the quantity of drugs for which Travillion would be responsible for purposes of sentencing was hotly contested, heavily briefed, and repeatedly argued. Thus, this court is familiar with the evidentiary record on this issue. At several points during the final sentencing hearing, the court recognized that attributing the range of 150 to 500 grams of crack cocaine to the drug conspiracy in which Travillion was involved was "very conservative." 1/22 Trans. (ECF No. 390) at 59, 68. In fact, the court specifically stated that there was "more than enough evidence to support a conservative finding of at least [170.1 grams][2] during the course of the conspiracy. That is conservative." (Id. at 35.) Were the court to now supplement its factual findings regarding the drug quantity, the evidentiary record would support attributing at least 196 grams of crack cocaine to Travillion, which is the lowest number at which the imposed 188 month term of imprisonment would be within the recommended guidelines range.

---

[2] 6 ounces x 28.35 grams = 170.1 grams. U.S.S.G. § 2D1.1, App. Note 8(D), measurement conversion table.

However, even if the court were to give Travillion every possible concession and

consideration, and assign only 150 grams of crack cocaine to him on the conspiracy count, the

court concludes that a reduction in sentence would still not be warranted.  At that point, in

contrast to the original sentencing, conversion of the drugs involved in all three counts into their

marijuana equivalencies would become relevant to determining the base offense level.  To

reiterate, the jury convicted Travillion of possession with the intent to distribute at least 50 grams

of cocaine, a conspiracy to distribute at least 50 grams of crack cocaine and a conspiracy to

distribute at least 500 grams of powder cocaine.  Verdict Slip (ECF No. 300).   As detailed

previously herein, for purposes of sentencing, this court deemed Travillion to be responsible for

at least 150 grams in connection with the crack cocaine conspiracy.  These minimum quantities

result in a marijuana equivalency of at least 814 kilograms, and a base offense level of 30, under

either the Guidelines in effect on the date of sentencing, or today.  U.S.S.G. s 1D1.1(c)(5) and

App. Note 8(D).[3]  After adding the two points for perjury, the adjusted offense level is 32, which

at a criminal history category of III, results in a recommended guideline sentence of 151 to 188

months imprisonment.  Exercising the discretion always afforded to a district court in

_____

[3] 50 grams crack cocaine x 3,571 = 178,550 grams marijuana; 150 grams crack cocaine x 3,571 =
535,650 grams marijuana; 500 grams powder cocaine x 200 = 100,000 grams marijuana.
814,200 grams marijuana = 814 kilograms marijuana. See U.S.S.G. § 2D1.1, App. Note 8.
Although Travillion does not dispute that the court found him responsible for six ounces, or 170
grams, of crack cocaine, even if the court used that higher amount, the base offense level would
not be affected: 170 grams crack cocaine x 3.571 = 607,070 grams marijuana.  The total amount
of marijuana would become 885,620 grams, or 885 kilograms, and the base offense level would
remain 30.  However, in the event the court's prior finding that Travillion was responsible for at
least 170 grams of crack cocaine could be deemed to encompass both the crack cocaine
possession charge and the crack cocaine conspiracy charge, which the court finds that the record
does not support, adding the 607 kilograms of crack cocaine to the 100 kilograms of powder
cocaine would still result in a base offense level of 30.

considering a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), this court would deem

Travillion's 188-month sentence to remain reasonable under the totality of the circumstances,

which include the vast trial evidence in support of attributing much higher drug quantities to

Travillion, and the nature and circumstances of Travillion's offense and the history and

characteristics of Travillion.

The court concludes that it committed no manifest error in denying Travillion's

motion for a sentence reduction.  Even if Travillion were given every possible concession, there

are no circumstances under which his recommended guideline range would fall below the 188-

month term of imprisonment to which he was sentenced.

Although Travillion did not raise this issue, the court independently considered

whether a hearing on his original motion pursuant to 18 U.S.C. § 3582(c)(2) was necessary.  A

defendant who moves to have his sentence reduced is not entitled to an evidentiary hearing;

instead, whether to hold one is at the discretion of the trial court. United States v. Styer, 573 F.3d

151, 153-54 (3d Cir. 2009).  In this case, a hearing was not needed because there was no

evidentiary issue that could not be resolved based on the extensive record created at trial, over

the course of the three-day sentencing hearing, and in the briefing in this case.  See  United

States v. Aponte-Guzman, 696 F.3d 157 (1st Cir. 2012) (approving summary denial of §

3582(c)(2) motion based on crack cocaine amendments via text docket entry); United States v.

Almonte, 493 F. App'x 830 (8th Cir. Nov. 29, 2012) (drug quantity finding for purposes of crack cocaine amendments made based on findings in Presentence Investigation Report).

      An appropriate order will be entered contemporaneously with this memorandum opinion.

By the court,

/s/JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

Dated:  October 18, 2013

cc:      PERCY WILLIAM TRAVILLION
        08132-068
        Federal Prison Camp
        P.O. Box 1000
        Loretto, PA 15940